BRINKERHOFF-FARIS TRUST & SAVINGS CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20063.   Promulgated December 19, 1928.

*H. P. Faris* for the petitioner.
*P. M. Clark, Esq.,* for the respondent.

804

OPINION.

Morris: The first contention urged by the petitioner is that the fair market value should be used as the basis for determining the income derived from commission notes. We have considered this question in *Brinkerhoff-Faris Trust & Savings Co.*, 14 B. T. A. 797, promulgated simultaneously herewith, containing a similar statement of facts, and have held that the income derived from commission notes should be computed upon the basis of the fair market value of said notes when received.

The second allegation of error herein was also considered in *Brinkerhoff-Faris Trust & Savings Co.*, *supra*, where we held, as we are compelled to hold here, that the evidence was insufficient to support the allegation that the capital stock of the Benton Land Co. should be included in invested capital.

The third allegation of error urged by the petitioner is that the respondent erred in failing to recognize the existence of abnormal conditions affecting its business in the determination of its net income under the relief provisions of the Act. We are unable to understand why the petitioner should urge a further consideration of its case under the provisions of section 327 of the Revenue Act of 1918 when it appears from the respondent's deficiency notice that he has already recognized the existence of abnormalities and has granted relief under the provisions of section 328 of that Act. Since the rate used by the respondent under section 328 is not in issue, and relief has already been granted under that section, there is nothing further to consider on this question.

The fourth allegation of error pertains to certain tax payments amounting to $5,517.73 in 1920 which were not entered upon the petitioner's books until the following year and were not claimed as deductions in the computation of net income for 1920. We are satisfied from the evidence that the petitioner is entitled to the deduction claimed.

In recomputing the petitioner's net income there should be added thereto $781 which it admittedly deducted in error in the computation of its net income for 1920.

*Judgment will be entered under Rule 50.*